NBW:krm\401ramsey2ndsuperseding

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

         v.

GARY RAMSEY,
  a/k/a "Rock,"
  a/k/a "Hassan,"
  a/k/a "Albert T. Dudley,"
JOHN MCCLURE,
  a/k/a "John-John,"
  a/k/a "Blaze,"
DESMOND WRIGHT,
  a/k/a Day-Day,"
DONNA THOMAS, and
APRIL KNIGHT

: CRIMINAL NO. 01-005

: DATE FILED: MARCH 29, 2001

: VIOLATION: 18 U.S.C. § 371(Conspiracy
to Commit Bank Robbery
- 1 Count); 18 U.S.C. § 2113(d)
(Armed Bank Robbery -
- 2 Counts); 18 U.S.C. § 924(c)
(Using, Carrying, and
Brandishing a Firearm During
a Crime of Violence - 3 Counts);
18 U.S.C. § 924(c)(Using,
Carrying, and Discharging
a Firearm During a Crime of
Violence - 2 Counts); 18 U.S.C. §
844(h)(1)(Using Fire to Commit a
Felony - 1 Count); 18 U.S.C.
§ 844(i)(Malicious Destruction of
a Building with Fire - 1 Count);
18 U.S.C. § 371 (Conspiracy To
Carjack - 1 Count); 18 U.S.C.
§ 2119 (Attempted Carjacking - 1
Count); 18 U.S.C. § 2113(c)
(Possession of Bank Robbery
Proceeds - 1 Count); 18 U.S.C.
§ 922(g)(1)(Felon in Possession of a
Firearm - 1 Count); 18 U.S.C. § 2
(Aiding and Abetting)

FILED

MAR 29 2001

MICHAEL E. KUNZ, Clerk

By_____ Dep. Clerk

## SECOND  SUPERSEDING  INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. From at least on or about November 1, 2000, to on or about November 24, 2000, at East Pikeland Township, Chester County, and elsewhere, in the Eastern District of Pennsylvania, defendants

**GARY RAMSEY,**
a/k/a "Rock,"
a/k/a "Hassan,"
a/k/a "Albert T. Dudley,"
**JOHN MCCLURE,**
a/k/a "John-John,"
a/k/a "Blaze,"
**DESMOND WRIGHT,**
a/k/a "Day-Day,"
**DONNA THOMAS, and**
**APRIL KNIGHT**

knowingly and intentionally conspired and agreed with each other to commit armed bank robbery, in violation of Title 18, United States Code, Section 2113(d), that is, the armed robbery of the First Union Bank, Valley Forge Mall, East Pikeland Township, Chester County, Pennsylvania, which resulted in a loss of over $275,000.

### MANNER AND MEANS OF EXECUTING THE CONSPIRACY

It was part of the conspiracy that:

2. Defendants GARY RAMSEY, JOHN MCCLURE, DESMOND WRIGHT, DONNA THOMAS, and APRIL KNIGHT agreed to rob a bank at gunpoint and to use their firearms to deter arrest by police.

3. During the planning phase of the robbery, defendants GARY RAMSEY and APRIL KNIGHT conducted surveillance of the bank to be robbed and the area surrounding the

bank and defendant APRIL KNIGHT, at the direction of defendant GARY RAMSEY, created a detailed map of the interior of the bank to provide guidance to defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT when they committed the armed bank robbery of the First Union Bank, Valley Forge Mall.

4. Defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT created a diversion to distract police and other law enforcement from the scene of the bank robbery by setting a fire at East Pikeland Elementary School moments before the planned bank robbery, using gasoline to set fire to a second grade classroom, causing over $1,000,000 in damage, so that law enforcement would be too engaged in fighting a large fire to promptly respond to a call of a bank robbery.

5. Defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT carried firearms, including semi-automatic pistols, while robbing the First Union Bank at the Valley Forge Mall and during the robbery, at gunpoint, ordered everyone to lay down and threatened to kill everyone if the police were called.

6. Defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT each wore masks and gloves in order to disguise their identity and prevent witnesses and law enforcement from identifying them.

7. In order to avoid detection while committing the armed bank robbery at the First Union Bank, Valley Forge Mall, defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT stole a vehicle to use as the vehicle that would be driven to the school where the fire was to be set and which would be left running outside the bank, so that if the vehicle was identified by any witnesses at the scene of either the fire or the bank robbery, it

3

would not be traced back to any of the participants.

8. In order to successfully flee the scene of the armed bank robbery at the First Union Bank, Valley Forge Mall, defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT had switch vehicles waiting at a predetermined location with their engines running.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Pennsylvania:

In or about early November, 2000:

1. Defendant GARY RAMSEY selected the First Union Bank at the Valley Forge Mall as the bank which he and his cohorts would rob.

2. Defendants GARY RAMSEY and APRIL KNIGHT did advance surveillance of the area surrounding the bank in order to determine a good place to park the "switch" vehicles, that is, those vehicles that would be waiting with their engines running for the defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT to quickly escape in after completing the robbery.

3. Defendants GARY RAMSEY and APRIL KNIGHT drove to the bank, and defendant GARY RAMSEY told APRIL KNIGHT to go into the bank in order to determine the location of the tellers, vault, drive-in window, and where other bank personnel were located, and whether the bank had bulletproof glass or a security guard.

4. At defendant GARY RAMSEY's direction, defendant APRIL KNIGHT drew a map which showed the interior layout of the bank to be robbed and gave it to defendant GARY

RAMSEY in order to provide a guide to defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT when they committed the planned armed bank robbery at the First Union Bank, Valley Forge Mall.

     5.  Defendant GARY RAMSEY selected the East Pikeland Elementary School as the site at which he would create a diversion by setting fire to a classroom on the date of the planned robbery.

     6.  Defendant APRIL KNIGHT called the East Pikeland Elementary School to check to see if any children would be attending school on November 24, 2000, the date of the planned bank robbery and arson of the elementary school.

     On or about November 24, 2000:

     7.  Defendant GARY RAMSEY told defendant APRIL KNIGHT that he would drive her maroon Taurus, and would leave it at the "switch" location for use as a getaway vehicle from the bank robbery.

     8.  Defendant JOHN MCCLURE agreed to pay defendant DONNA THOMAS to act as a getaway driver by having her drive her Cadillac, and wait in it at the "switch" location with her engine running.

     9.  Defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT arranged to steal a white van that was left running in the owner's driveway to use as one of the vehicles in the planned bank robbery.

     10.  Defendants GARY RAMSEY, JOHN MCCLURE, DESMOND WRIGHT, and DONNA THOMAS followed each other in a caravan of three vehicles, the white van, the maroon Taurus, and the Cadillac, to the "switch" location, which was an empty parking lot not

far from the First Union Bank at the Valley Forge Mall.

11.  Prior to leaving in a white van, defendant JOHN MCCLURE instructed defendant DONNA THOMAS to wait at that location with her engine running for them to return.

12.  Defendant DONNA THOMAS waited at the parking lot for twenty to thirty minutes with her engine running.

13.  Defendants GARY RAMSEY, JOHN MCCLURE and DESMOND WRIGHT traveled in a white van to the East Pikeland Elementary School in possession of a container of gasoline.

14.  Defendant GARY RAMSEY set a fire at the East Pikeland Elementary School, 1191 Hares Hill Road, East Pikeland Township, moments before the armed bank robbery by opening a window to a second grade classroom and pouring gasoline into the classroom and igniting it so as to set the school on fire, causing over $1,000,000 in damage.

15.  After setting the fire, defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT traveled to the First Union Bank, Valley Forge Mall, East Pikeland Township, Chester County, Pennsylvania, in the white van to commit the bank robbery.

16.  Defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT parked the white van in front of the door to the First Union Bank, Valley Forge Mall, East Pikeland Township, exited the van, leaving the engine running, entered the First Union Bank and announced a robbery.

17.  Defendants GARY RAMSEY, JOHN MCCLURE and DESMOND WRIGHT used, carried and brandished firearms to commit the bank robbery at the First Union Bank, Valley Forge Mall, East Pikeland Township, Chester County, Pennsylvania .

18. Defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT displayed firearms inside the bank, ordered everyone to lay down, and threatened to kill everyone if the police were called.

19. Defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT took approximately $275,920 in United States currency from the bank.

20. Defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT fled from the bank in the white van.

21. Defendants GARY RAMSEY, JOHN MCCLURE, and DESMOND WRIGHT returned in the white van to the designated site, the "switch" location, displaying two bags of money and their firearms, where defendant DONNA THOMAS was waiting in her Cadillac with her engine running.

22. Defendant DONNA THOMAS drove defendants JOHN MCCLURE and DESMOND WRIGHT away from the designated meeting site to assist their flight from the bank robbery.

23. Defendant GARY RAMSEY drove away from the designated meeting site in the maroon Taurus.

24. While being ordered to halt by police, defendant JOHN MCCLURE took over driving from defendant DONNA THOMAS and drove away at a high rate of speed to escape apprehension by police.

25. While defendant JOHN MCCLURE was driving, defendant DESMOND WRIGHT shot numerous rounds from a semi-automatic pistol at police officers who were pursuing them.

7

26.  Defendant GARY RAMSEY gave defendant APRIL KNIGHT some of the bank robbery proceeds to hold for him, as well as provided her with proceeds for her assistance in the robbery.

27.  Defendant GARY RAMSEY and APRIL KNIGHT discussed how to get rid of the maroon Taurus that was used as a getaway car by defendant GARY RAMSEY, and the two decided that it should be burned.

28.  Defendant GARY RAMSEY burned the maroon Taurus to destroy it as evidence.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 24, 2000, at East Pikeland Township, Chester County, in the Eastern District of Pennsylvania, defendants

**GARY RAMSEY,**
a/k/a "Rock,"
a/k/a "Hassan,"
a/k/a "Albert T. Dudley,"
**JOHN MCCLURE,**
a/k/a "John-John,"
a/k/a "Blaze,"
**DESMOND WRIGHT,**
a/k/a "Day-Day,"
**DONNA THOMAS, and**
**APRIL KNIGHT**

knowingly and unlawfully, by force and violence, and by intimidation, took, and aided and abetted the taking, from employees of the First Union Bank, Valley Forge Mall, East Pikeland Township, Chester County, Pennsylvania, lawful currency of the United States, that is, approximately $275,920, belonging to, and in the care, custody, control, management and possession of the First Union Bank, the deposits of which were and are insured by the Federal Deposit Insurance Corporation, and in so doing, defendants GARY RAMSEY, JOHN MCCLURE, a/k/a "John-John," a/k/a "Blaze," DESMOND WRIGHT, "Day-Day," DONNA THOMAS, and APRIL KNIGHT did knowingly and unlawfully assault and put in jeopardy, and did aid and abet the same, the lives of the employees of the First Union Bank, by use of dangerous weapons, that is, firearms.

In violation of Title 18, United States Code, Sections 2113(d) and 2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 24, 2000, at East Pikeland Township, Chester County, in the Eastern District of Pennsylvania, defendants

**GARY RAMSEY,**
**a/k/a "Rock,"**
**a/k/a "Hassan,"**
**a/k/a "Albert T. Dudley,"**
**JOHN MCCLURE,**
**a/k/a "John-John,"**
**a/k/a "Blaze," and**
**DESMOND WRIGHT,**
**a/k/a "Day-Day,"**

knowingly used, carried, and brandished, and aided and abetted the use, carrying, and brandishing of, firearms, that is, a Beretta 9 mm. semi-automatic pistol, serial # E85971Z, a Smith and Wesson .38 caliber revolver, serial # CBW2322, and another semi-automatic handgun, during and in relation to a crime of violence for which they may be prosecuted in a Court of the United States, that is, conspiracy to commit armed bank robbery as charged in Count One of this Indictment, and armed bank robbery as charged in Count Two of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 24, 2000, at East Pikeland Township, Chester County, in the Eastern District of Pennsylvania, defendants

**GARY RAMSEY,**
**a/k/a "Rock,"**
**a/k/a "Hassan,"**
**a/k/a "Albert T. Dudley,"**
**JOHN MCCLURE,**
**a/k/a "John-John,"**
**a/k/a "Blaze," and**
**DESMOND WRIGHT,**
**a/k/a "Day-Day,"**

knowingly used, carried, and discharged, and aided and abetted the use, carrying, and discharging of, a firearm, that is, a Beretta 9 mm. semi-automatic pistol, serial # E85971Z, during and in relation to a crime of violence for which they may be prosecuted in a Court of the United States, that is, conspiracy to commit armed bank robbery as charged in Count One of this Indictment, and armed bank robbery as charged in Count Two of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 24, 2000, at East Pikeland Township, Chester County, in the Eastern District of Pennsylvania, defendants

**GARY RAMSEY,**
**a/k/a "Rock,"**
**a/k/a "Hassan,"**
**a/k/a "Albert T. Dudley," and**
**JOHN MCCLURE,**
**a/k/a "John-John,"**
**a/k/a "Blaze,"**

knowingly used fire, and aided and abetted the use of fire, to commit a felony which may be prosecuted in a court of the United States, that is, they caused a fire to be set at the Pikeland Elementary School located at 1191 Hares Hill Road, East Pikeland Township, Pennsylvania as a diversion to help accomplish the conspiracy to commit armed bank robbery, as described in Count One of this indictment, and the armed bank robbery, as described in Count Two of this indictment.

In violation of Title 18, United States Code, Section 844(h)(i) and Title 18, United States Code, Section 2.

12

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 24, 2000, at East Pikeland Township, Chester County, in the Eastern District of Pennsylvania, defendant

**GARY RAMSEY,**
**a/k/a "Rock,"**
**a/k/a "Hassan,"**
**a/k/a "Albert T. Dudley," and**
**JOHN MCCLURE,**
**a/k/a "John-John,"**
**a/k/a "Blaze,"**

maliciously damaged and destroyed, and aided, abetted and willfully caused the damage and destruction of, by means of fire, a building and real and personal property used in interstate commerce and in activities affecting interstate commerce, that is, defendants GARY RAMSEY, a/k/a "Rock," and JOHN MCCLURE, a/k/a "John-John," a/k/a "Blaze," set a fire and aided, abetted, and willfully caused a fire to be set at the Pikeland Elementary School located at 1191 Hares Hill Road, East Pikeland Township, Pennsylvania.

In violation of Title 18, United States Code, Section 844(i) and Title 18, United States Code, Section 2.

13

<u>COUNT SEVEN</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about November 24, 2000, at Schuylkill Township, Chester County, in the Eastern District of Pennsylvania, defendants

**JOHN MCCLURE,**
**a/k/a "John-John,"**
**a/k/a "Blaze," and**
**DESMOND WRIGHT,**
**a/k/a "Day-Day,"**

knowingly and intentionally conspired and agreed, with the intent to cause death and serious bodily harm, to take from the person and presence of others, by force and violence and by intimidation, motor vehicles, that is, a Nissan Maxima, a Chevrolet Silverado truck, and a Ford Explorer, all of which had been transported, shipped and received in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2119.

<u>MANNER AND MEANS OF EXECUTING THE CONSPIRACY</u>

It was part of the conspiracy that:

2. Defendants JOHN MCCLURE and DESMOND WRIGHT agreed to carjack a getaway vehicle once the car they were driving crashed while they were fleeing from the police.

3. Defendants JOHN MCCLURE, and DESMOND WRIGHT got out of their disabled car and attempted to carjack a series of three occupied vehicles, a Nissan Maxima, a Chevrolet Silverado truck, and a Ford Explorer.

4. While trying to carjack an escape vehicle, defendant DESMOND WRIGHT was armed with a firearm and was pointing his weapon at pursuing police and the driver of the Ford Explorer.

14

## OVERT ACTS

In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed on or about November 24, 2000, in the Eastern District of Pennsylvania:

1. Defendants JOHN MCCLURE and DESMOND WRIGHT exited their disabled vehicle and approached a series of three occupied vehicles, a Nissan Maxima, a Chevrolet Silverado truck, and a Ford Explorer.

2. Defendant JOHN MCCLURE approached an occupied Nissan Maxima and tried to enter that car.

3. Defendant JOHN MCCLURE approached an occupied Chevrolet Silverado truck and tried to enter that vehicle.

4. Defendant DESMOND WRIGHT approached an occupied Ford Explorer and pointed his weapon, a Beretta 9 mm. semi-automatic pistol, at the driver.

All in violation of Title 18, United States Code, Section 371.

## COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 24, 2000, at Schuylkill Township, Chester County, in the Eastern District of Pennsylvania, defendant

### DESMOND WRIGHT,
### a/k/a "Day-Day,"

with the intent to cause death and serious bodily harm, attempted to take from the person and presence of another, by force and violence and by intimidation, a motor vehicle, that is, a Ford Explorer, which had been transported, shipped and received in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 2119.

16

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 24, 2000, at Schuylkill Township, Chester County, in the Eastern District of Pennsylvania, defendants

**JOHN MCCLURE,**
**a/k/a "John-John,"**
**a/k/a "Blaze," and**
**DESMOND WRIGHT,**
**a/k/a "Day-Day,"**

knowingly used, carried, and brandished, and aided and abetted the use, carrying, and brandishing of, a firearm, that is, a Beretta 9 mm., semi-automatic pistol, serial # E85971Z, during and in relation to a crime of violence for which they may be prosecuted in a Court of the United States, that is, the conspiracy to carjack, as charged against defendants JOHN MCCLURE and DESMOND WRIGHT in Count Seven of this Indictment and the attempted carjacking, as charged against defendant DESMOND WRIGHT in Count Eight of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

17

## COUNT TEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 24, 2000, at Upper Merion Township, and Norristown, Montgomery County, in the Eastern District of Pennsylvania, defendant

### APRIL KNIGHT

knowingly received, possessed, concealed, and stored, lawful currency of the United States, that is, currency in excess of $1,000, that is, more than $37,000, belonging to, and in the care, custody, control, management and possession of the First Union Bank, the deposits of which were and are insured by the Federal Deposit Insurance Corporation, knowing that this lawful currency had been stolen from the First Union Bank.

In violation of Title 18, United States Code, Sections 2113(c) and 2.

18

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 24, 2000, at Schuylkill Township, Chester County, in the Eastern District of Pennsylvania, defendant

### DESMOND WRIGHT,
### a/k/a "Day-Day,"

having previously been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting commerce firearms, that is, a Smith and Wesson .38 caliber revolver, serial # CBW2322 and a Beretta 9 mm. semi-automatic pistol, serial # E85971Z.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 30, 2000, at Lansdale, Montgomery County, in

the Eastern District of Pennsylvania, defendant

**GARY RAMSEY,**
**a/k/a "Rock,"**
**a/k/a "Hassan,"**
**a/k/a "Albert T. Dudley,"**

knowingly and unlawfully, by force and violence, and by intimidation, took, and aided and

abetted the taking, from employees of the First Union Bank, 786 Sumneytown Pike, Lansdale,

Montgomery County, Pennsylvania, lawful currency of the United States, that is, approximately

$67,359, belonging to, and in the care, custody, control, management and possession of the First

Union Bank, the deposits of which were and are insured by the Federal Deposit Insurance

Corporation, and in so doing, defendant GARY RAMSEY did knowingly and unlawfully assault

and put in jeopardy, and did aid and abet the same, the lives of the employees of the First Union

Bank, by use of dangerous weapons, that is, firearms.

In violation of Title 18, United States Code, Sections 2113(d) and 2.

## COUNT THIRTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 30, 2000, at Lansdale, Montgomery County, in the Eastern

District of Pennsylvania, defendant

**GARY RAMSEY,**
a/k/a "Rock,"
a/k/a "Hassan,"
a/k/a "Albert T. Dudley,"

knowingly used, carried, and brandished, and aided and abetted the use, carrying, and

brandishing of, firearms, that is, a black semi-automatic pistol, and a silver semi-automatic

pistol, during and in relation to a crime of violence for which he may be prosecuted in a Court of

the United States, that is, armed bank robbery as charged in Count Twelve of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

21

## COUNT FOURTEEN

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 30, 2000, at Lansdale, Montgomery County, in the  Eastern

District of Pennsylvania, defendant

**GARY RAMSEY,**
**a/k/a "Rock,"**
**a/k/a "Hassan,"**
**a/k/a "Albert T. Dudley,"**

knowingly used, carried, and discharged, and aided and abetted the use, carrying, and

discharging of, a firearm, that is, a black semi-automatic pistol, during and in relation to a crime

of violence for which he may be prosecuted in a Court of the United States, that is, armed bank

robbery as charged in Count Twelve of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

## NOTICE OF FORFEITURE

1.      As a result of the violations of Title 18, United States Code, Sections 922(g) and

924(c), set forth in Counts Three, Four, Nine, and Eleven of this Indictment, defendants

**GARY RAMSEY,**
**a/k/a "Rock,"**
**a/k/a "Hassan,"**
**a/k/a "Albert T. Dudley,"**
**JOHN MCCLURE, a/k/a**
**"John-John," a/k/a**
**"Blaze,"**
**DESMOND WRIGHT, a/k/a**
**"Day-Day,"**
**DONNA THOMAS, and**
**APRIL KNIGHT**

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. §

2461(c), all firearms and ammunition involved in the commission of these offenses, including,

but not limited to:

    (a)     A Beretta 9 mm., serial # E85971Z, loaded with one live round of

            ammunition, and

    (b)     A Smith and Wesson .38 caliber revolver, serial # CBW2322, loaded with

            three rounds of ammunition.

2.     As a result of the violations of Title 18, United States Code, Sections 371 and 2113, set forth in Counts One and Two of this Indictment, defendants

**GARY RAMSEY,**
**a/k/a "Rock,"**
**a/k/a "Hassan,"**
**a/k/a "Albert T. Dudley,"**
**JOHN MCCLURE, a/k/a**
**"John-John," a/k/a**
**"Blaze,"**
**DESMOND WRIGHT, a/k/a**
**"Day-Day,"**
**DONNA THOMAS, and**
**APRIL KNIGHT**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offenses, as charged in this Indictment, including, but not limited to:

(a)     A diamond ring purchased at Milanj Jewelers with robbery proceeds.

3.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Sections 924(d) and 981(a)(1)(C).

**A TRUE BILL:**


**FOREPERSON**


MICHAEL R. STILES
United States Attorney


Assistant U.S. Attorney