

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 01-005-02 |
| DESMOND WRIGHT<br>a/k/a "Day-Day" | : |

FILED
OCT 10 2001
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant Desmond Wright and the defendant's counsel, Michael Malloy, Esq., enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

    1.    The defendant agrees to plead guilty to the following counts with which he is charged in the above-referenced Superseding Indictment, that is: Count 1, charging conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; Count 2, charging armed bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2; Count 4, charging using, carrying, and discharging a firearm, and aiding and abetting the same, during and in relation to the armed bank robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; Count 5, charging using fire, and aiding and abetting the same, to commit a felony, that is, the conspiracy and armed bank robbery charged in Counts 1 and 2, in violation of 18 U.S.C. §§ 844(h)(1) and 2; Count 6, charging malicious destruction, and aiding and abetting the same, of a

1

building involved in interstate commerce, in violation of 18 U.S.C. §§ 844(i) and 2; Count 7, charging conspiracy to carjack, in violation of 18 U.S.C. § 371; Count 8, charging attempted carjacking, in violation of 18 U.S.C. § 2119, Count 9, charging using, carrying, and brandishing a firearm, and aiding and abetting the same, during and in relation to the conspiracy to carjack and attempted carjacking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and Count 10, charging possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), all arising from his participation in the planning and execution of an arson of an elementary school as a diversion to a planned bank robbery, the armed bank robbery, his efforts to carjack cars at gunpoint in the flight from the robbery, and his possession of two firearms in the course of these events.

2.  The defendant agrees to pay the special victims/witness assessment in the amount of $900 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

3.  The defendant agrees to pay restitution for which he is jointly and severally liable with his co-conspirators.

4.  At the time of sentencing, the government will:

    a.  Dismiss Count 3 of the Indictment.

    b.  Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution and other matters which the government deems appropriate.

    c.  Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including

evidence relating to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant. at sentencing.

5. Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

6. The defendant understands, agrees and has had explained to the defendant by the defendant's counsel that the Court may impose the following statutory maximum sentence for each count charged: Count 1 (conspiracy to commit armed bank robbery) - 5 years imprisonment, three years supervised release, and a fine of $250,000; Count 2 (armed bank robbery) - twenty-five years imprisonment, a five year period of supervised release, and a $250,000 fine; Count 4 (using, carrying, and discharging a firearm during and in relation to the armed bank robbery) - ten years imprisonment that must be served consecutive to any other sentence imposed, three years supervised release, and a $250,000 fine; Count 5 (using fire to commit a felony) - ten years imprisonment that must be served consecutive to any other sentence imposed, three years supervised release, and a $250,000 fine; Count 6 (malicious destruction by fire of a building involved in interstate commerce) - forty years imprisonment, with a mandatory minimum of seven years imprisonment where, as here, personal injury resulted to a firefighter, five years supervised release, and a $250,000 fine; Count 7 (conspiracy to carjack) - 5 years imprisonment, three years supervised release, and a fine of $250,000; Count 8 (attempted

carjacking) - 15 years imprisonment, three years supervised release, and a fine of $250,000; Count 9 (using carry, and brandishing a firearm during and in relation to the conspiracy to carjack) - a maximum of life imprisonment, with a mandatory minimum of twenty-five years imprisonment that must be served consecutive to any other sentence imposed, five years supervised release, and a $250,000 fine; and Count 10 (felon in possession of firearms) - 10 years imprisonment, three years supervised release, and a fine of $250,000. Thus, the total maximum sentence is life imprisonment, with a mandatory minimum of forty-five years that must be served consecutive to the underlying sentence imposed, five years supervised release, a $2,250,000 fine, and a $900 mandatory special assessment.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 5 years. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

7.  The defendant may not withdraw the defendant's plea because the Court declines to follow any recommendation, motion or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

8.  Pursuant to § 6B1.4 of the Sentencing Guidelines, the parties enter into the following stipulations under the Sentencing Guidelines Manual effective November 1, 2000. It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics,

4

criminal history, adjustments and departures; (2) these stipulations are not binding upon either the Probation Department or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

    a.    The government and the defendant agree and stipulate that the defendant's base level for the bank robbery will be determined pursuant to U.S.S.G. § 2B3.1 and that the base offense level is 20.

    b.    The government and defendant agree and stipulate that the property of a financial institution was taken, and thus, pursuant to U.S.S.G. § 2B3.1(b)(1), the base offense level is increased by 2 levels.

    c.    The government and defendant agree and stipulate that a victim sustained a serious bodily injury, that is, a detached retina, as a result of the gun battle following the bank robbery, and such conduct was reasonably foreseeable to the defendant and was within the scope of his jointly undertaken activity, and that the defendant's Sentencing Guideline range should be calculated on the basis of this conduct, and, thus, pursuant to U.S.S.G. § 2B3.1(b)(3)(B), the base offense level is further increased by 4 levels.

    d.    The government and defendant agree and stipulate that a victim was physically restrained to facilitate the commission of the offense and such conduct was reasonably foreseeable to the defendant and was within the scope of his jointly undertaken activity, and that the defendant's

        Sentencing Guideline range should be calculated on the basis of this conduct, and, thus, pursuant to U.S.S.G. § 2B3.1(b)(4), the base offense level is further increased by 2 levels.

e.    The government and defendant agree and stipulate that the offense involved carjacking, and, thus, pursuant to U.S.S.G. § 2B3.1(b)(5), the base offense level is further increased by 2 levels.

f.    The government and defendant agree and stipulate that the property of a financial institution was taken, and the loss exceeded $250,000, and thus, pursuant to U.S.S.G. § 2B3.1(b)(7)(D), the base offense level is increased by 3 levels.

g.    The government and defendant agree and stipulate that he created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, and, thus, pursuant to U.S.S.G. § 3C1.2, the base offense level is increased by 2 levels.

h.    The government and the defendant agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offenses, making the defendant eligible for a two-level downward adjustment under U.S.S.G. § 3E1.1(a).

9.    The defendant agrees to voluntarily abandon all rights and claim to the following firearms and ammunition - a Beretta 9 mm., serial # E85971Z, loaded with one live round of ammunition , and a Smith and Wesson .38 caliber revolver, serial # CBW2322, loaded with three rounds of ammunition, which were recovered by police following the arrest of John

McClure and Desmond Wright for armed bank robbery on November 24, 2000, and agrees to allow the Federal Bureau of Investigation to dispose of the gun and ammunition as it deems appropriate. In connection with this agreement, the defendant agrees that he will execute a Notice of Abandonment of Property Form on or before the date of this agreement.

10. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that the defendant is guilty.

11. It is agreed that no additional promises, agreements or conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties.

**Respectfully submitted,**

**PATRICK L. MEEHAN**
**United States Attorney**

_____
**DESMOND WRIGHT**
Defendant

_____
**RONALD H. LEVINE**
Chief, Criminal Division
Assistant United States Attorney

_____
**MICHAEL MALLOY, Esq.**
Counsel for Defendant

_____
**NANCY BEAM WINTER**
Assistant United States Attorney

Date: 10-9-01