

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :    CRIMINAL ACTION # 01-005-02

v.                              :    **14    2612**

DESMEND WRIGHT                  :

### MOTION UNDER 28 U.S.C. §2255(f)(3) TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

COME NOW, Desmend Wright, appearing Pro se litigant acting on his own behalf in the above style case.

### 1. JURISDICTION

A collarter attact is timely if filed within one year from the date on which the judgement became final. See 28 U.S.C. §2255(f)(3). 28 U.S.C. §2255(f)(3) restarts the time when a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner claims are based on **Alleyne v. United States**, 133 S. Ct. 2151 (2013). Alleyne was decided on June 17,2013, Petitioner is filing this motion within the one year time limitation period by using the mailbox rule. For federal purpose, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officals for mailing. See **Lewis v. City Of Richmond Police Dept.**, 947 F.F2d 733 (4th Cir.1991); **Houston V Lack**, 487 U.S. 266, 276 (1988).

RECEIVED
MAY 6 2014

### 2. PROCEDURAL BACKROUND

By indictment returned on January 4, 2001, Petitioner (Wright) was charged with conspiracy and Armed Bank Robbery (count 1 and 2), using a firarm during and in relation to an armed robbery (count 3 and 4), using fire to commit a felony (count 5), malicious destruction of a building involved in interstate commerce (count 6), conspiracy and attempted carjacking with intent to cause serious death and bodily harm (count 7 and 8), using, carrying and branishing afirarm during and in relation to conspiracy to carjack (count 9), and possession of a firearm by a convicted felon (count 10).

On October 9, 2002, pursuant to a guilty plea agreement, Petitioner enter a guilty plea to count 1-2 and 4-10 of the indictment. On January 9, 2002, the court sentenced him to a total sentence of sixty-two years ans six months imprisonment and $685,000. in restitution. Judgement was entered on January 10, 2002.

### 3. STATEMENT OF THE RELEVANT FACTS

Petitioner was charged, as relevant here, with using or carrying a firearm in relation to a crime of violence, (18 U.S.C. §924(c)(1)(A)) on counts three, four and nine of third superseding indictment, inter alia.

On October 9,2001, pursuant to a guilty plea agreement, Petitioner enter a guilty plea to counts four using, carrying and discharging a firearm during and in relation to an arm robbery (18 U.S.C. §924(c)(1)(A)), and count nine using, carrying and branishing a firearm during and in relation to conspiracy to carjack (18 U.S.C. §924(c)(1)(A).

Petitioner's indictment lacked an ensssental element of the offense,

2.

to specify which subsection of 18 U.S.C §924(c)(1)(A) Mr. Wright was being charged, which in fact is an element of the offse see A. 1. Alleyne." any fact that by law increase the penalty for a crime is an element that must be submitted to the jury and found beyound a reasonable doubt.

## 4. DISCUSSION

As a preliminary matter, it is respectfully requested that this court be mindful that Pro se litigants are entitled to liberal construction of their pleading. **Hernandez v. Thaler, 630 F.3d 420 (4th Cir. 2011)**; Estell v. gamble, 429 U.S. 97, 106 (1976); and Haines v. Kerne, 404 U.S. 519, 520 (1972);

### A. Introduction

This matter is before the court on Petitioner's motion to Vacate under 28 U.S.C. §2255(f)(3), wherein he asserts that in light of the United Stated Supreme Court's decision in **Alleyne v. United States, 133 S. Ct. 2151 (2013)** that there is a significant risk that he stands convicted of an act that the law does not make criminal [or] faces punishment that the cannot impose upon him.

Under 28 U.S.C.§2255(f)(3), Petitioner must file his claim within one year of June 17, 2013, when **Alleyne** was decided. See **Dodd v. United States, 545 U.S. 353, 355 (2005)**, holding that the date from which §2255's period of limitations begins to run is the date on which the right is intially recognized by the Supreme Court, not the date on which the right is made retroactive. Id.

The Sixth amendment right to have a jury determine the elements

3.

of a criminal offense beyound a reasonable doubt is violated when a judge finds a fact that increase a statutory mandatory minimum sentence by a preponderance of the evidence; Harris v. U.S., 536, 71 Cr L 375 (2002), which drew a distinction for Sixth amendment purposes between a fact that triggers a statutory mandatory minimum sentence and an element of offense, is overruled (Alleyne v U.S., No 11-9335)

In Alleyne v. U.S., (No.11-9335)(S. Ct. June 17,2013) wherein the U.S. Supreme Court held that [a]ny fact that increases the mandatory minimum is an "element" that must be submitted to the Jury and found beyond a reasonable doubt. The money quote from the majority opinion was "because there is no basis in principle or logic to distinguish facts that raise the maximun from those that increase the minimum, Harris was inconsistence with Apprendi. It is, accordingly, overruled." Alleyne, slip opinion, at page 15.

## B. Retroactivity

When a conviction is final, a new rule annouced by the Supreme Court only applies if it is a substantive rule. Schriro v Summerlin, 542 U.S. 345,35 (2004). A substantive rule is one that"decriminalize[s] a class of persons." Saffle v Parker, 494 U.S. 484 (1990). These substantive rules are applied retroactively because they "necessarily carry a significant risk that a defendant stand convicted of an act that the law can not impose upon him." See, Schriro, 542 U.S. at 352. In sum, Alleyne articulated a substantive rule of statutory interpreation" because Alleyne's verdict form clearly indicated that the jury did not find brandishing beyond a reasonable doubt.

Thus, he has received a punishment that the law cannot impose upon him. Alleyne falls within the class of substantive decision that "prohibit[s] a certain category of punishment for a class of defendants because of that status of offense. "O'Dell v. Netherland, 521 U.S. 151, 157 (1997).

Furthermore, because Alleyne is a statutory interpretation, there is no issue of retroactivity. See Fiore v White, 353 U.S. 225 (2001). In Fiore, the Supreme Court explained that where a state's high court for the first time interprets a criminal statute to require proof of a particular element and the interpretation does not create new law but merely clarified what the law was at the time of a defendant's conviction, there is "no issue of retroactivity." Id.

C. The Application of Alleyne

In addition to overruling the courts previously held statutory interpretation of 18 U.S.C. §924(c)(1)(A)(ii) by recognizing as unconstitutional judical fact-finding to establish mandatory minimum sentences, the Supreme Court's recent decision in Alleyne, announced a new constitutional rule by redefining what a "crime" is in the context of the Sixth Amendment acknowledging that the historic "relationship between crime and punishment" compels that any fact which by law increases the range of punishment to which a criminal defendant is exposed is an element of a new offense, "A Distinct and Aggravated crime." These elements are entitled the full panoply of constitutional protection under the Sixth Amendment" in conjunction with due process." Thus, use of the term "sentencing factor" to describe a fact which alter a legally prescribed range,

5.

is a legal misnomer. The Alleyne decision, which certainly buttressin Apprendi, does not require Apprendi's support, as the constitution itself will suffer nothing less than the Alleyne rule. That is to say, Alleyne stands wholly and solidly on its own, embedded into the rights of the accused as codified in the Sixth Amendment.

D. Relevant Facts

Wright did not, however, preserve this error below by an objection to the imposition of the mandatory minimum sentence based on judicial fact-finding. Therefore his Alleyne argument is subject to plain error review,as setforth in United States v. Vazques, 271 F.3d 93, 99-101 (3rd Cir. 2001)(en banc). See Fed. R. Crim.P, 52(b); Johnson v. United States, 520 U.S. 461, 465-66 117 Ct. 1544 (1997). Under that standard, "before an appellate court can correct an error not raised at trial,there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may than exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judical proceeding." Johnson, 520 U.S. at 466-67,117 S. Ct. 1544 (internal quotations and citations omitted); accord United States v. Olano, 507 U.S. 725, 732-36, 113 S. Ct. 1770 (1993).

The District Court committed error in Wright's case. The District Court imposed a mandatory minimum sentence based on it's own factual findings instead of submitting the issue to the jury for it's determination. Thus, the Alleyne violation is plain even though the District Court conducted Wright's proceeding correctly

6.

under the then applicable law. See Johnson, 520 U.S. at 468, 117 S. Ct. 1544 (" in a case such as this where the law at the time of trial was settled and clearly contary to the law at the time of appeal")

Wright must satisfy the third plain error factor, which asks whether his substantial rights were affected. In addressing the substantial rights inquiry both Fed.R. Crim.P 52(a)'s harmless error standard, as well as Fed.R. Crim.P 52(b)'s plain error standard, provide relief only if substantial rights are affected. The substantial right inquiry under each provision is essentially identical, with the exception of the burden proof. See Olano, 507 U.S. at 734-35, 113 S.Ct.(clarifying that government has burden of proof under harmless error standard, while defendant has burden under plain error standard). Thus, this court may properly rely upon both harmless and plain error precedent in deciding whether Wright has shown that the Alleyne violation affected his substantial rights.

Legal Argument Two

### RULE OF LENITY FOR MULTIPLE FEDERAL FIREARM VIOLATION

Petitioner asserts his sentence for multiple federal firearms violations to count (4) 18 U.S.C. §924(c)(1)(A); and count (9) 18 U.S.C. §924(C)(1)(A) and 2 of the indictment is entitled to have sentence enhancements provided by 18 U.S.C. §924(c) applied in the order that produces the lowest sentence, the U.S. Courts of Appeals for the Sixth Circuit held May 10, 2013. The statue does not specifically address the order in which the enhancement are to be

applied, and the court decided that applying them chonologically would violate the rule of lenity (United States v. Washington, 6th Cir. No.12-1219, 5/10/13).

Petitioner was sentenced to (10)years for court (4) of the indictment 18 U.S.C. §924(c)(1)(A) (using, carrying and discharging a firearm during and in relation to an arm robbery). He was sentence subsequently to (25)years for a second 18 U.S.C. §924(C)(1)(A) and 2 (using, carrying and brandishing a firearm during and in relation to conspiracy to carjack).

The rule of lenity is a doctrine of statutory interpretation under which ambiguity in criminal provisions is to be contrued, in favor of defendant who are subjected to them. Under the doctrine, a court faced with two plausible constructions of a criminal statute is to apply the more lenient one.

"Because we conclude that §924(c)(1)(c) is ambiguous as to how convictions should be ordered for sentencing when a defendant is convicted on multiple counts of carjacking that arised from the same indictment and proceedings, we are bound by this principle," the court decided." Therefore, we hold that the rule of lenity applies, and, on remand, the district court resolve this ambiguity in the defendant's favor.

## Closing Statements

There are two principles aspects of petitioner's case that are analogous to that in Bryant v United States, 2012 U.S. Dist. Lexis 473228 (E.D. NC. April 3,2012). First, Petitioner is relying on a new statutory interpretation and/or new rule of substantive law that

8.

did not occur until after he had exhausted his appeal and after he filed his §2255 motion. Second under §2255(f)(3) he is statuorily entitled to file a second petition within one year after the Supreme Court has recognized a new right. See Bryant, Supra., holding that the second petition was filed timely under §2255(f)(3).

## CONCLUSION

We submit that a mandatory life sentence is qualitatively different from a sentence to a term of years less than life. Just as it is well settled that "death is different". So too, a mandatory minimum sentence is different, and demands a different approach to establish as affect on substantial rights:

> Because "death is different," Ford v. Wainwright, 477 U.S. 399, 411, 106 S.Ct. 2595, 91 L.Ed. 2d 335 (1986) (plurality opinion), the United States Supreme Court "has gone to extraordinary measures to ensure that the prisoners sentenced to be executed is afforded process that will guarantee, as much as humanly possible, that the sentence was not imposed out of whim, passion, prejudice, or mistake." Edding v Okalahoma, 455 U.S. 104, 118, 102 S. Ct. 869, 71 L. Ed. 2d 1 (1982) (O'Connor,J., Concurring)(emphasis added).

Copenhefer v. Horn, 696 F. 3d 377, 393 (3rd Cir.2012)

Wright argues that anytime a sentencing court imposed a mandatory minimum sentence under a Constitutionally invalid application of law, that it has, per se, affected the substantical right of the defendant and the court should in every such case exercise its discretion to remand for resentencing base on corrected facts or law, as the case may be.

For the above and foregoing reasons, Petitioner's motion should be granted and his sentence vacated and the case remanded for

9.

resentenceing in light of **Alleyne**. In the alternative, the court should hold an evidentiary hearing so that Petitioner may further prove his claims and expand the record.

Respectfully Submitted,

*Desmond Wright*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion under 28 U.S.C §2255(f)(3) has been served upon AUSA Nancy Beam Winter, 615 Chestnut Street, Suite 1250, Philadelphia, PA. 19106, via U.S. mail on the 2 day of May 2014.

Respectfully Submitted,

*Desmend Wright*

Desmend Wright #54724-066
Terre Haute-USP
P.O.Box 33
Terre Haute, IN. 47808