IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

    :           Criminal No. 01-cr-00005-2

v     :           Judge Diamond

DESMOND WRIGHT     :

MOTION TO CORRECT SENTENCE
UNDER 28 U.S.C. §2255

Petitioner, pro se, Desmond Wright respectfully files this supplement to his motion to vacate and correct his sentence pursuant to 28 U.S.C. 2255 in light of Johnson v United States, 135 S.Ct. 2551 (June 26, 2015)

### Procedural AND FACTUAL BACKGROUNG

1. On October 9, 2001, Wright plead guilty to conpiracy to commit armed bank robbery, armed bank robbery, using carrying and discharging a firearm during and relation to an armed bank robbery, using a fire to commit a felon malicious destruction of a building involved in interstate commerce, conspiracy to car-jack, attempted car-jacking, using carrying and brandishing a firearm, during and in relation to the conspiracy to car-jacking, and possession of firearm by a convicted felon.

2. District Court Sentence Mr. Wright to 750 months inprison. Mr Wright did not appeal. Mr. Wright was sentence as a career offender at sentence.

1

3. On September 8, 2002, Wright filed a 2255. The court denied his
habeas corpus.

4. Mr. Wright is serving this federal sentence at the Mr. Wright,
2255 was denied on September 18, 2002. Mr. Wright, argues that his
sentence violates due process and his consecutive sentence based on
18 U.S.C. 924(c) and his career offender Status, should be vacated.

## BASIS FOR 2255 RELIEF

I. **THE SUPREME COURT'S DECISION IN JOHNSON IS APPLICABLE TO OTHER
RESIDUAL CLAUSES IN ADDITION TO THE ARMED CAREER CRIMINAL ACT.**

On June 26, 2015, the Supreme Court declared that the residual
clause of the ACCA, which defines "violent felony" as including an
offense that 'otherwise involves conduct that presents a serious
potential risk of physical injury to another," is "unconstitutional
vague." Johnson, 135 S.Ct. at 2557. the court reasoned that the
"indeterminacy of the wide-ranging inquiry required by the residual
clause both denies fair notice to defendants and invites arbitrary
enforcement by judges." Id. Thus, "[i]ncreasing a defendant's sentence
under the [residual] clause denies due process of law." Id. The
court held the residual clause "vague in all its applications" and
overruled its contrary decisions in James v United States, 550 U.S.
192 (2007) and Sykes v United States, 131 S.Ct. 2267 (2011). 135 S.Ct.
at 2561-63. Thus, this decision is applicable to residual clauses
found in other contexts, including the residual clause of the defini-
tion of crime of violence within 18 U.S.C. §924(c)(3)(B).

Pursuant to 18 U.S.C. §924(c)(1)(A), any person who, during and

2

intimidation or attempts to do so shall since niether the United States Supreme Court nor the Third Circuit has addressed this issue, Mr. Wright continue his challege, aruging that the statute is indivisible and that intimidation does not satify the force clause.

If carjacking is not a crime of violence then Mr. Wright consecutive terms of 120 months on count 4 and 300 months on count 9 must be vacated. At the time of his sentencing Mr. Wright's arm bank robbery and carjacking, was considered a crime of violence for purpose of his consecutive sentence under 18 U.S.C. 924(c). However, following Johnson, arm bank robbery and carjacking is not a crime of violence. Thus, his sentence is now in violation.

## II. MR. WRIGHT IS ENTITLED TO RESENTENCING PURSUANT TO 28 U.S.C. §2255

A. Mr. Wright sentence was in violation of the constitution or laws of the United States, and violates due process, warranting relief under 28 U.S.C. §2255, a federal prison may move to "vacate, set aside or correct," his sentence if it was iposed in violation of the constitution or laws of the United States. 28 U.S.C. §2255(a).

In Johnson, the United States Supreme Court held that [i]ncreasing a defendant's sentence under the residual clause denies due process of law "135 S.Ct. at 2557." As set forth above Johnson's constitutional holding regarding the ACCA's residual clause applies equally to the residual clause in the career offender provision of the sentencing guidelines, U.S.S.G. §4B1.2(A).

Mr. Wright reserves the right to make any other arguments applicable following the decision of the Supreme Court, in Mathis v United

3

v. United States, 133 S. Ct. 2276, 2281 (2013)). The focus is on the
elements of the statute and not the particular facts underlying the
conviction. Brown, 765 F. 3d at 189. A court must assess whether a
crime qualifies "in terms of how the law defines the offense and  not
in terms of how an individual might have committed it on a particular
occasion." Johnson, 135 S. Ct. at 2557(quoting Begay v United States,
553 U.S. 137, 1451 (2008)). "Deciding whether the residual clause
covers a crime thus requires a court to picture the kind of conduct
that the crime involves in "the ordinary case," and to judge whether
that abstraction presents a serious potential risk of physical injury.
Johnson, 135 S. Ct. at 2257 (citing James v United States, 550 U.S.
192, 208 (2007).

The Supreme Court concluded that searching for the "ordinary
case" requires too much guesswork. 135 S. Ct. at 2560. The Johnson
Court considered and rejected different ways of finding the "ordinary
case." Specifically, the Court explained that a statistical analysis
of reported cases, surveys, expert evidence, Google, and gut instinct
are all equally unreliable in determining the "ordinary case." Id.
at 2557 (quoting United States v Mayer, 560 F.3d 948, 952 (9th Cir.
2009) (Kozinski, J., dissenting from denial of rehearing en banc)).
Although earlier ACCA cases tried to rely on statistical analysis
and "common sense," Johnson concluded that these methods "failed to
establish any generally applicable test that pervents the risk com-
parison required by the residual clause from devolving into guess-
work and intuition." Id. at 2559 (referring to James v United States,
550 U.S. 192, 208 (2007), Chambers v United States, 555 U.S. 122
(2009), and Sykes v United States, 564 U.S. 1 (2041)).

Thus, Johnson not only invalidated the ACCA residual clause, but
it invalidated the "ordinary case" analysis and statutory provisions

That compel such an analytical framework. The residual clause in §924(c) requires this same impossible "ordinary case" analysis. The court is required to evaluate an offense "by its nature" and not by the elements. Following Johnson, such an evaluation of an "ordinary case" is no longer permitted and the residual clause of §924(c)(3)(B) is void for vagueness for the same reasons that the ACCA residual clause is void.

Followinh Johnson, some courts have already found the residual clause in §924(c) void for vagueness. See <u>United States v Bell,</u> __ F. Supp. 3d __, No. 15-CR-00258, 2016 WL 344749 (N.D. Cal. 2016); United States v Lattanaphom, __F.Supp. 3d___, No. 2:99-00433, 2016 WL 393545 (E.D. Cal. 2016); <u>United States v Edmundson,</u>__F.Supp.3d__. No. 8:13-CR-0015, 2015 WL 9311983 (D.Md. 2015). But see <u>United States v Taylor,</u>__F.3d__. No. 09-5517, 2016 WL 537444 (6th Cir. 2016) (finding the residual clause in 924(c)(3)(B) distinguishable from the residual clause of the ACCA). other courts have held the identical residual clause in the definition of crime of violence at 18 U.S.C. §16 void for vagueness. See <u>Dimaya v Lynch</u>, 803 F.3d 1110 (9th Cir. 2015); <u>United States v Vivas-Ceja</u>, 808 F.3d 719 (7th Cir. 2015).

## II. IN LIGHT OF JOHNSON, MR. WRIGHT'S INSTANT OFFENSES OF ARM BANK ROBBERY CRIME OF VIOLENCE.

Following Johnson, the residual clause may not serve as a legal basis for finding that Mr. Wrights has been convicted of a crime of violence. to qualify under the force clause and have as an element the use, attempted use, or threatened use of physical force against

5

the person or property of another.

With regard to the force clause, the 2010, Johnson decision of the Supreme Court is instructive. The Court defined "physical force" under the identical ACCA force clause to mean strong, "violent force--that is, force capable of causing physical pain or injury to another person." Johnson v United States, 559 U.S. 133, 140 (2010)(emphasis in original). The Supreme Court analyzed the phrase "actually  and intentionally touching" in a case involving a Florida battery statute and rejected the contention that it had "as an element the use, attempted use, or threatened use of physical force against the person of another."  The Court found, relying on Florida Supreme Court's precedent, that "the element of "actually and intentionally touching" under Florida battery law is satisfied by any intentional physical contact, 'no matter how slight.'" Id. at 138 (citation omitted)(emphasis in original). In analyzing "physical force," the Supreme Court concluded that the definitions of the term "suggest a degree of power that would not be satisfied by the merest touching." Id. at 139. The Court noted that the word "violent" connotes a substantial degree of force and using the adjective 'violent' to modify the word "felony," clearly suggested "strong physical force." Id. at 140. The Court concluded that Florida battery was not a "violent felony" under the ACCA. arm bank robbery as defined by 18 U.S.C. 2113, does not categorically qualify as a crime of violence under the force clause of 924(c) because it can be accomplished by .intimidation which does not require the use, attempted use or threatened use of "violent force." The statutory definition of arm bank robbery reads:

6

> "whoever, by force and violence, or by intimidation
> takes, or attempt to take from the person or presence
> of another, or obtains or attempts to obtain by extor-
> tion any property or money or any other thing of
> valve belonging to, or in the care control, management
> of any bank 18 U.S.C. §2113. The plain language pro-
> vides that the offense can be accomplished by intimi-
> dation. This action, at best, consitutes threat of
> injury or harm to another, which squarely does not
> require the use or threatened use of "violent force."
> See <u>United States v Torres-Migvel</u>, 701 F.3d 165, 167
> (4th Cir. 2012)(finding that the treat of any physical
> injury, even serious bodily injury or death, does not
> necessarily require the use of physical force-let
> alone "violent force), see also <u>United States v Ed-
> mundson</u>,__F.Supp. 3d__No. 8:13-CR_0015, 2015 WL 9311983
> (D.Md. 2015)(finding that conspiracy to commit
> Hobbs act robbery is not a crime of violence)."

Courts that have ruled on this issue since Johnson, have found
that arm bank robber is a crime of violence. See *2016 U.S. Dist. LEXIS
29191* <u>United States v Carpenter</u>, March 2016, see 2016 U.S.Dist. LEXIS
26510; <u>United States v Watson</u>.

Since neither the United States Supreme Court nor the Third Circuit
has addressed this issue, Mr. Wright continues his challenge, arguing
that the statute is indivisible and that intimidation does not satify
the force clause.

If arm bank robbery is not a crime of violence then Mr. Wrights
consecutive term of 120 months, on count 4 and 300 months on count 9
must be vacated. Arm carjacking as defined by 18 U.S.C. 2119, does not
categorically qualify as a crime of violence under the force clause
of 924(c) because it can be accomplished by intimidation which does not
require the use, attempted use or threatened use of violent force.
The statutory definition of carjacking reads: whoever, with intent to
cause death or serious bodily harm takes a motor vehicle that has been
transported, shipped, or recieved in interstate or foreign commerce
form the person or presence of another by force, and violence or by

7

in relation to any crime of violence for which the person may be
prosecuted in a court of the United States, uses or carries a fire-
arm, or who in furtherance of any such crime possesses a firearm
shall receive an additional period of confinement to run consecutively
to any other sentence imposed. Within that statute, a crime of vio-
lence is defined as:

> an offense that is a felony and--
> (A) has as an element the use, attempted use, or threatened
> use of physical force against the person or property of another
> or
> (B) that by its nature, involves a substantial risk that
> physical force against the person or property of another may
> be used in the course of committing the offense.

18 U.S.C. §924(c)(3). Courts generally refer to the "(A)" clause
as the "force clause" and to the "(B)" clause as the "residual clause."

Pursuant to 18 U.S.C. §924(o), [a] person who conspires to commit
an offense under subsection (c) shall be imprisoned for not more
twenty years.

Although Johnson, addressed the residual clause in the ACCA, the
residual clause in §924(c) is substantially similar and suffers from
the same flaws that compelled the Supreme Court to declare the ACCA
residual clause void for vagueness.

To determine whether a conviction qualifies under any residual
clause, a sentencing court must apply a "categorical approach" which
requires the court to "compare the elements of the statue forming
the basis of the defendant's conviction with the elements of the
generic crime--i.e. the offense as commonly understood." United
States v Brown, 765 F.3d 185,  189 (3rd Cir. 2014)(quoting Descamps

States, No. 15-6092, cert. granted Jan.19, 2016, argument April
2016. in Mathis, the court is expected to decide whether the modi-
fied categorical approach may be used whenever there is an "or"
between the methods are actually elements.

At the time of his sentencing Mr. Wright's arm bank robbery was
considered a crime of violence for purpose of his consecutive
sentence under 18 U.S.C. §924(c). However, following Hohnson, arm
bank robbery is not a crime of violence. Thus, his sentence is now
in violation of the consitution of the United States and violates
due process pursuant to Johnson. Mr. Wright has been prejudiced by
the increase in his sentence in violation of the Constitution's
prohibition of vague criminal laws. His claim for relief is cogni-
zable under the plain language of 18 U.S.C. §2255(A).

See United States v Doe, 810 F.3d 132 (3rd Cir. 2015)(finding
that a claim under Begay v United States, 535 U.S. 137 (2008) invol-
ving the mandatory sentencing guidlines is cognizable in a motion to
vacate sentence under 28 U.S.C. §2255, see also United States v Maurer
639 F.3d 72 (3rd Cir. 2011) permitting a vagueness challenge to the
sentencing guidelines pre-Johnson.

## B. THE RULE ANNOVNCED IN JOHNSON, APPLIES RETROACTIVE ON COLLATERAL REVIEW

This court must give retroactive effect to new substantive rules
of constitutional law, Teague v Lane, 489 U.S. 288 (1989), Montogmery
v Louisiana, 136 S.Ct. 718, 729-30 (2016). The United States Supreme
Court held in an ACCA case that Johnson, is a new substantive rule
that is retroactive to cases on collateral review. Welch v United
States, 578 U.S.__, No. 15-6418, 2016 WL 1551144 (April 18, 2016).

The residual clause in the ACCA is similar to the residual clause found 18 U.S.C. 924(c). The Third Circuit has recognized that under Tegue, either a rule is retroactive or it is not. United States v Doe, 810 F.3d 132, 154 n. 13 (3rd Cir. 2015). following Welch, this court should apply Johnson, retroactively to Mr. Wright.

C. Mr. Wright claim is timely a motion to vacate, set aside or correct sentence is subject to a one year limitations period. 28 U.S.C. §2255(F)(1). A federal prisoner must file his motion within one year from the date on which (1) the judgement because final(2) the government created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized the right asserted and made it retroactively applicable to cases on collateral review, or (4) the petitioner could have discovered, through due diligence the factual pedicate for the motion. the United States Supreme Court decided Johnson on June 26, 2015, recognizing a new rule that is substantive and that is retroactive to cases on collateral review. Mr. Wright is filing his motion within the one year date.

## CONCLUSION

Mr. Wright is entitled to relief under §2255 because in light of Johnson his sentence violates due process law. This court should vacate the judgement in his case, set aside his conviction and sentence on 924(c) counts 4 and 13, and resentence him remaining counts.

Respectfully Submitted

*Desmond Wright*
Desmond Wright
Reg. No.
No. ~~████████~~ 01-cr-00005-2

Date:

10

## CERTIFICATION OF SERVICE

I, Desmond Wright, pro se, do hereby certify that the Motion To Correct sentnece under 28 U.S.C. §2255, will be sent to the registered participants as identified on the notice.

Nancy B. Winter
Assistance United States Attorney

6/20/2016

Respectfully Submitted

*Desmond Wright*
Desmond Wright