**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| United States | |
|---|---|
| vs. | Crim. No. 01-cr-0005-2 |
| Desmond Wright | |

**[Proposed] ORDER**

AND NOW, on this _____ day of _____, 2020, it is hereby ORDERED that Defendant Desmond Wright's Motion under 28 U.S.C. § 2255 is hereby WITHDRAWN without prejudice.

BY THE COURT:

_____
D<small>IAMOND</small>, J.

– 1 –

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| United States | |
| vs. | Crim. No. 01-cr-0005-2 |
| Desmond Wright | |

**DEFENDANT DESMOND WRIGHT'S MOTION**
**FOR WITHDRAWAL OF § 2255 MOTION**

Petitioner Desmond Wright respectfully requests to withdraw his motion under 28 U.S.C. § 2255 without prejudice. Mr. Wright intended to challenge his convictions given the unconstitutionality of 18 U.S.C. § 924(c)'s "residual" clause. However, while that motion is not legally frivolous, it is contrary to the consistent decisions of other circuits and judges in this district—although not the Third Circuit. Accordingly, because the motion is not entirely frivolous, Mr. Wright asks that the dismissal be without prejudice in case Third Circuit law favorably changes prior to the expiration of the deadline to bring a § 2255.

1. Mr. Johnson pleaded guilty to both armed bank robbery under 18 U.S.C. § 2113(d) and attempted carjacking under 18 U.S.C. § 2119. His plea agreement stated that he discharged a gun during the bank robbery and brandished it during the attempted carjacking. (Doc. 143). Accordingly, he received "stacked" convictions under § 924(c) for committing what this Court recognized as two separate "crimes of violence" using a gun.

2. Mr. Johnson filed a § 2255 motion believing that *United States v. Johnson*, 576 U.S. 591 (2015) meant that his convictions for armed bank robbery and attempted carjacking were no longer "crimes of violence" as is necessary for a conviction under § 924(c). *Johnson*, of course, found that a portion of the definition of "violent felony" sentencing provision of § 924(e) stemming from the Armed Career Criminal Act of 1984 was unconstitutionally vague. Congress defined a

– 1 –

"violent felony" as certain particular acts, plus any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The Court found that this "residual" clause was unconstitutionally vague. The Court would later make its decision retroactive for purposes of § 2255 motions in *United States v. Welch*, 578 U.S. __, 136 S. Ct. 1257 (2016).

3. After that, the Supreme Court found that similar language in § 924(c)'s definition of a "crime of violence" was also unconstitutionally vague. *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019). The Supreme Court has not yet decided whether *Davis* is retroactive. *See also id.* (Kavanaugh, J. dissenting) ("And who knows whether the ruling will be retroactive?").

4. Here, after *Johnson* but before *Davis*, the Third Circuit granted Mr. Johnson permission to file a second or successive § 2255 motion. In June 2016, Mr. Johnson did so through the Federal Community Defender Office. (Doc. 438). He then supplemented with *pro se* filings. (Docs. 452, 453, 459). Later, he retained the undersigned's firm to litigate the matter.

5. To succeed on Mr. Johnson's § 2255 motion, he would have to show that either armed bank robbery or attempted carjacking is not a "crime of violence." That would require showing that neither crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" under the so-called "elements" clause of the definition of a "crime of violence." 18 U.S.C. § 924(c)(3)(A).

6. The Third Circuit has made clear that armed bank robbery is a "crime of violence" under the "elements" clause. *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016); *United States v. Wilson*, 880 F.3d 80 (3d Cir. 2018).

7. As to the attempted carjacking, the circuits uniformly agree that carjacking is a crime of violence. *E.g. Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir.

2016). The Eleventh Circuit has held that attempted carjacking is also a "crime of violence." *Ovalles v. United States*, 905 F.3d 1300 (11th Cir. 2018). Judges in this district agree. *E.g. United States v. Henry*, No. 06-33, 2020 WL 2556943 (E.D. Pa. May 19, 2020) (DuBois, J.). However, the Third Circuit has not yet weighed in, and so Mr. Wright's § 2255 petition is not so frivolous as to justify dismissal with prejudice.

8. In the event that the Third Circuit held that attempted carjacking is not a crime of violence within a year of the Supreme Court eventually declaring that *Davis* is retroactive, Mr. Wright might wish to file a § 2255 based on any such change in law. Accordingly, he asks this Court to dismiss his § 2255 without prejudice.

9. The undersigned conferred with Mr. Wright regarding these issues at length. He directly authorized the undersigned to file this motion requesting withdrawal of the § 2255. Instead, we believe that the best past forward is to file a motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A), relying in large part on Congress's elimination of "stacked" mandatory-minimum sentences under § 924(c) (his 62.5-year sentence would be 18 year shorter under current sentencing law).

WHEREFORE, Mr. Wright asks this Court to withdraw his § 2255 motion without prejudice.

Respectfully submitted,

*s/ Daniel J. Auerbach*
Robert M. Gamburg (Pa. I.D. No. 68808)
Daniel J. Auerbach (PA I.D. No. 316856)
Counsel for Defendant
Gamburg & Benedetto, LLC
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
Telephone: (215) 567-1486
E-mail: dan@gamburglaw.com

Dated: August 26, 2020

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| United States | |
| vs. | Crim. No. 01-cr-0005-2 |
| Desmond Wright | |

**PROOF OF SERVICE**

I hereby certify that this paper was served on the following through this Court's CM/ECF system:

Nancy Winter, Esq.
United States Attorney's Office
615 Chestnut Street
Philadelphia, PA 19106

*Counsel for Plaintiffs*

          *s/ Daniel J. Auerbach*
Daniel J. Auerbach   Bar Number: 701417
Attorney for Defendants
Gamburg & Benedetto, LLC
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
Telephone: (215) 567-1486
Fax: (215) 940-6661
E-mail: dan@gamburglaw.com

Dated: August 26, 2020