UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States | |
| vs. | Crim. No. 01-cr-0005-2 |
| Desmond Wright | |

**DEFENDANT DESMOND WRIGHT'S AMENDED
MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

This § 2255 motion presents a straightforward legal question: is attempted carjacking a "crime of violence"? That question depends on whether attempted carjacking has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." The answer is no. Accordingly, Defendant Desmond Wright's 25-year, consecutive sentence under 18 U.S.C. § 924(c) is invalid.

In short, someone can commit attempted carjacking without attempting to use force against anyone, but rather by taking a non-violent "substantial step" towards carjacking. Accordingly, attempting carjacking is not a "crime of violence" that can serve as a predicate to a sentence under § 924(c).

The Third Circuit has not yet decided when attempted crimes are "crimes of violence." Oral argument on an appeal presenting the question of whether an attempted Hobbs Act robbery is a crime of violence is scheduled for October 5, 2020 in *United States v. Marcus Walker*, No. 15-4062. That decision will likely provide substantial guidance about the issue at stake here. This Court could reasonably wait until the Third Circuit weighs in before deciding this motion.

**PROCEDURAL HISTORY**

On October 9, 2001, Mr. Wright entered into a plea agreement with the Government (Doc. 143). Under that agreement, Mr. Wright agreed to plead guilty to the following charges of the

– 1 –

Third Superseding Indictment (Doc. 88) in return for certain agreements as to the application of the Sentencing Guidelines:

- Count 1. Conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371.
- Count 2. Armed bank robbery in violation of 18 U.S.C. §§ 2113(d).
- Count 4. Using, carry, and discharging a firearm during an armed bank robbery and conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(iii).
- Count 5. Using fire to commit the conspiracy and armed bank robbery outlined in Counts 1 and 2 in violation of 18 U.S.C. § 844(h)(1).
- Count 6. Malicious destruction of a building involved in interstate commerce in violation of 18 U.S.C. § 844(i).
- Count 7. Conspiracy to carjack in violation of 18 U.S.C. § 371.
- Count 8. Attempted carjacking in violation of 18 U.S.C. § 2119.
- Count 9. Using, carrying, and brandishing a firearm in committing a conspiracy to carjack and attempting to carjack in violation of 18 U.S.C. § 924(c)(1)(A)(ii).
- Count 10. Possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

The plea agreement stated that these charges arose from Mr. Wright's "participation in the planning and execution of an arson of an elementary school as a diversion to a planned bank robbery, the armed bank robbery, his efforts to carjack cars at gunpoint in the flight from the robbery, and his possession of two firearms in the course of these events."

On January 9, 2002, this Court sentenced Mr. Wright to 62 years and 6 months in prison. Most relevant here, those sentences including a 10-year mandatory-minimum sentence for discharging a gun during the bank robbery, and a 25-year mandatory-minimum for Mr. Wright's "second" § 924(c) charge for brandishing a gun during an attempted carjacking, for which he received a "stacked," 25-year mandatory-minimum sentence under the then-applicable version of § 924(c)(1)(C)(i):

| Count | Offense | Sentence | Concurrent/consecutive |
|---|---|---|---|
| 2 | 18 U.S.C. §§ 2113(d) | 17 years, 6 months | n/a |
| 1, 7 | 18 U.S.C. § 371 | 5 years | Concurrent with Count 2 |
| 6 | 18 U.S.C. § 844(i) | 15 years | Concurrent with Count 2 |
| 8 | 18 U.S.C. § 2119 | 15 years | Concurrent with Count 2 |
| 10 | 18 U.S.C. § 922(g)(1) | 10 years | Concurrent with Count 2 |
| **4** | **18 U.S.C. § 924(c)(1)(A)(iii)** | **10 years** | **Consecutive to Count 2** |
| 5 | 18 U.S.C. § 844(h)(1) | 10 years | Consecutive to Counts 2 and 4 |
| **9** | **18 U.S.C. § 924(c)(1)(A)(ii)** | **25 years** | **Consecutive to Counts 2, 4, and 5** |

From there, Mr. Wright filed an untimely appeal, which the Third Circuit dismissed on jurisdictional grounds. (Third Cir. No. 02-2470: Sept. 30, 2002 Order).

In September 2002, Mr. Wright filed a motion for relief under 28 U.S.C. § 2255. (Doc. 252). This Court denied the initial § 2255 motion in August 2003. (Doc. 305). Mr. Wright appealed. (Doc. 308). The Third Circuit granted a Certificate of Appealability to challenge trial counsel's failure to file an appeal timely, (Doc. 334), but affirmed. (Third Cir. No. 03-3764: May 11, 2006 Judgment).

In May 2014, Mr. Wright filed a second § 2255 motion. He alleged that the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) invalidated his convictions under § 924(c).

(Doc. 421). This Court dismissed the § 2255 motion for failing to obtain authorization from the Third Circuit. (Doc. 422).

On June 19, 2016, Mr. Wright filed a third § 2255 motion through the Federal Community Defender Office. This motion argued that Mr. Wright's sentences under § 924(c) were invalid. He argued that his predicate convictions were "crime[s] of violence" within the meaning of § 924(c) only by application of the "residual" clause, which he argued that the Supreme Court invalidated in *Johnson v. United States*, 576 U.S. 591 (2015) (finding that the almost identical "residual" clause of § 924(e) was void for vagueness). (Doc. 438).

This Court stayed the matter. (Doc. 439). In August 2019, the Third Circuit granted permission to file the successive § 2255 motion. (Doc. 451). Mr. Wright filed various follow-up documents supplementing his motion.

On July 8, 2020, the undersigned's firm appeared for Mr. Wright. Mr. Wright now seeks to amend his petition to address various changes in the law that have occurred since he initially filed his § 2255 motion raising residual-clause issues.

## GROUNDS FOR RELIEF

Mr. Wright asserts that his conviction under § 924(c) for the "second" offense of brandishing a gun during an attempted carjacking and conspiracy to carjack is unconstitutional under the Supreme Court's decision in *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019).

### A.     Legal Background.

Under 18 U.S.C. § 924(c), a defendant who commits a "crime of violence" and who uses, carries, or possesses a firearm in furtherance of that crime generally receives an additional,

consecutive prison sentence. 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as a felony that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). However, in *Davis*, the Supreme Court found that § 924(c)(3)(B) — the so-called "residual" clause — is unconstitutionally vague. Davis, 139 S. Ct. at 2323–24. Accordingly, a conviction under § 924(c) is now proper only if the defendant committed a "crime of violence" under the "elements" clause of § 924(c)(3)(A).

In *Taylor v. United States*, 495 U.S. 575 (1990), the Court considered what it means for a crime to have something "as an element" in considering sentencing enhancements under § 924(e). Taking the "as an element" language literally, the Court adopted the so-called "categorical approach," directing courts to consider only the literal elements of the offense and not the defendant's actual conduct. *Id.* at 600. Courts consistently applied this approach in interpreting the "elements" clause of § 924(c)(3)(A).[1]

However, in 2016, the Third Circuit carved out an apparent exception. In *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), the Third Circuit found that courts could consider the defendant's actual conduct. There, the Defendant was "convicted of brandishing a firearm while committing Hobbs Act robbery." The court denied that the question was whether "Hobbs Act robbery [is] a crime of violence." Instead, it asked whether Hobbs Act robbery *committed while*

---

[1] *United States v. Hill*, 832 F.3d 135, 139-40 (2d Cir. 2016); *United States v. Fuertes*, 805 F.3d 485, 497-99 (4th Cir. 2015); *United States v. Jennings*, 195 F.3d 795, 797-98 (5th Cir. 1999); *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016); *United States v. Williams*, 864 F.3d 826, 828 (7th Cir. 2017)..

*brandishing a firearm* [is] a crime of violence." *Id.* at 144 (emphasis in original). It did so even though the brandishing of a firearm is not an element of Hobbs Act robbery. It reached the conclusion that brandishing a gun during a Hobbs Act robbery is a "crime of violence." *Id.* Yet its consideration of the defendant's actual conduct directly contradicted the nature of the "categorical" approach to assessing whether something is a "crime of violence."

After *Robinson*, the Supreme Court implicitly found that the Third Circuit had erred. It explained that "everyone agrees" that the defendant's actual conduct is irrelevant under the "elements" clause of § 924(c)(3)(A). *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319, 2328 (2019). It did not mention that the Third Circuit actually disagreed. However, even though the *Davis* court did not explicitly overrule *Robinson*, the Government has now conceded that it implicitly had that effect in at least one pending Third Circuit appeal.[2]

Accordingly, in interpreting the "elements" clause, even though the Third Circuit has not yet formally recognized the abrogation of *Robinson*, this Court should look only to the elements of the

---

[2] From the Government's September 4, 2019 brief in *United States v. David Copes*, No. 19-1494 at 11–12, which is available on the undersigned's Dropbox at bit.ly/31CRUEv:

> [In R*obinson*,] the Court of Appeals held that Section 924(c) and the predicate crime should be "read together" to determine what facts "have either been found by the jury or admitted by the defendant in a plea. . . .
>
> As the appellant asserts, this analysis is abrogated by the Supreme Court's statements in *Davis*. There, all justices concurred that the elements clause in Section 924(c) is applied using a categorical approach, assessing whether the statutory offense requires the element described in the elements clause, regardless of the facts of the particular offense. The *Davis* majority stated that "everyone agrees" that the elements clause in Section 924(c) requires application of the categorical approach.

offense itself.[3] In essence, if it is possible to violate the statute without committing a "crime of violence," then any violation of the statute is deemed not to be a "crime of violence" for purposes of § 924(c). In applying the "categorical approach," the Third Circuit "look[s] to the elements . . . to ascertain the least culpable conduct hypothetically necessary to sustain a conviction under the statute." *United States v. Dahl*, 833 F.3d 345, 350 (3d Cir. 2016) (applying the categorical approach as to whether a prior offense qualified as a prior sex offense)

### B. Mr. Wright's conviction on Count 9 is unconstitutional.

None of the predicate convictions for the § 924(c) conviction of Count 9 qualify as a "crime of violence." The predicate offenses in Count 9 were for conspiracy to commit carjacking and for attempting to carjack. Neither of these crimes qualifies as a "crime of violence" under *Davis*'s categorical approach.

First, conspiracy charges require only that: (1) "two or more persons conspire" to commit a crime; and (2) "one or more of such persons do any act to effect the object of the conspiracy."18 U.S.C. § 371. A conspiratorial agreement and some act by any of the conspirators in furtherance of it does not necessarily require the defendant to use, threaten to use, or attempt to use of force. Thus, the elements of conspiracy do not of necessity require force.

Accordingly, courts have consistently found that even a conspiracy to commit a violent crime is not a "crime of violence" under § 924(c)(3)(A), as the Government now concedes. *See United States v. Simms*, 914 F.3d 229, 233- 34 (4th Cir. 2019) (*en banc*) (concession); *United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018) (concession); *see also United States v. King*, 979 F.2d

---

[3] If *Robinson* is still good law, which it is not, Mr. Wright's admission that he brandished a gun during the attempted carjacking would mean that it was necessarily a "crime of violence," precluding relief here.

801, 803 (10th Cir. 1992) (finding that conspiracy cannot be a "violent felony" under the almost-identical text of the elements clause of § 924(e)). As the United States Attorney's Office for the Eastern District of Pennsylvania recently stated in Third Circuit briefing, "a conspiracy crime is not a proper 924(c) predicate under the elements clause." (Sept. 19, 2019 letter brief at 2 in *United States v. Marcus Walker*, No. 15-4062).[4]

Likewise, attempted carjacking is also not a "crime of violence." The carjacking statute states that "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall" be guilty of a crime. 18 U.S.C. § 2119. To prosecute someone for an attempt to commit a crime, there must be "evidence that a defendant (1) acted with the requisite intent to violate the statute, and (2) performed an act that, under the circumstances as he believes them to be, constitutes a substantial step in the commission of the crime." *United States v. Tykarsky*, 446 F.3d 458, 469 (3d Cir. 2006).

Accordingly, the "minimum conduct" that constitutes attempted carjacking is when: (a) the defendant intends to cause "death or serious bodily harm" to the victim; (b) the defendant intends to take the victim's car through "intimidation"; and (c) the defendant takes a "substantial step" towards actually taking the victim's car through intimidation.

As a result, attempted carjacking does not of necessity require "the use, attempted use, or threatened use of physical force against the person or property of another" as is necessary to render it a crime of violence. The intent to violate the statute, even including the intent to cause serious injury, is not itself a violent act. Intending to hurt someone is not the same thing as actually hurting him, attempting to hurt him, or threatening to hurt him. A mental state alone has no effect on

---

[4] The brief is available on the undersigned's Dropbox at bit.ly/3jm1QIA.

anyone. *United States v. Dominguez*, 954 F.3d 1251, 1264 (9th Cir. 2020) (explaining that only "acts" can render something a "crime of violence")

Instead, only concrete actions can possibly render a crime violent. Only a concrete action can constitute the use of force, attempted use of force, or threatened use of force. *See id.* at 1264–65 (Nguyen, J., dissenting) (discussing the difference between the intent to commit a violent act and a physical attempt to do so).

The only concrete action that someone must take to commit attempted carjacking is to take a "substantial step" towards taking his car through "intimidation." But this "substantial step" need not involve the use of force, the attempted use of force, or the threat of force. Instead, the Government need only provide "some measure of objective evidence" to corroborate the Defendant's alleged intent to commit the crime. *United States v. Everett*, 700 F. 2d 900, 908–09 (3d Cir. 1983). That requires showing only some "objective act" that "mark[s] the defendant's conduct as criminal in nature." *Id.* (quoting *United States v. Oviedo,* 525 F.2d 881, 884 (5th Cir. 1976)).

A defendant could take a "substantial step" towards carjacking without actually using force, threatening to use force, or attempting to use force. For instance, a defendant could identify the victim, develop an intent to hurt the victim, and evidence that intent by taking preparatory steps and going to the potential scene of the crime. But the defendant need not ever try to use violence against the victim, for instance if he chose to leave the scene after seeing police there. That would be an attempted carjacking. *See also United States v. Muratovic*, 719 F.3d 809, 816 (2d Cir. 2013) (finding a sufficient "substantial step" to Hobbs Act robbery where the defendants assembled a team, developed a plan, and took various preparatory steps, but did not actually try to commit the robbery after the driver backed out).

Yet, in that hypothetical attempted carjacking, the victim would not even know about the defendant's existence. There would be no actual use of force or threatened use of force. In addition, there would not even be a physical attempt to use force. In short, the necessary element of taking a "substantial step" to violate § 2119 does not necessarily involve an attempt to use force. Section 2119 does not "have as an element" the attempted use of force. As a result, an attempted carjacking is not a "crime of violence."

Courts, although not the Third Circuit, have rejected this reasoning, but their analysis is flawed. In *Ovalles v. United States*, 905 F.3d 1300 (11th Cir. 2018), the Eleventh Circuit found that attempted carjacking was categorically a "crime of violence" mainly because it could not think of a hypothetical, non-violent "substantial step" towards carjacking that was non-violent. However, it did not address any possibilities, much less what is arguably the most obvious example — non-violent preparatory steps.

Second, some courts consider attempted crimes more simply than Mr. Wright proposes. They ask whether the crime itself is a "crime of violence." If it is, they categorically declare that an attempt to commit a "crime of violence" is also a "crime of violence." *E.g. id.* at 1304–05; *United States v. Ingram*, 947 F.3d 1021, 1025–26 (7th Cir. 2020); *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020).

But this approach is not consistent with statutory text. Section 924(c)(3)(A) states that a crime is a "crime of violence" if one of its *elements* is the "attempted use . . . of physical force against the person or property of another." Section 924(c) thus requires that an element of the crime is that the defendant physically tried — "attempted" — to use violence, not that the defendant attempted to commit a violent crime. *See United States v. Dominguez*, 954 F.3d 1251, 1264 (9th Cir. 2020) (Nguyen, J., dissenting) ("An 'attempted use . . . of physical force' under § 924(c)(3)(A) refers to

a defendant's physical act of trying (but failing) to use violent physical force.") (citing the dictionary-definition of "attempted").

The statute does not say that someone commits a crime of violence if he attempts to commit a crime of violence. Instead, the definition looks at crimes on an element-by-element basis and requires an element of attempted use of force. No element of § 2119 requires that and so an attempted carjacking is not a "crime of violence."

## CONCLUSION

Mr. Wright's conviction under § 924(c) for brandishing a gun during an attempted carjacking and conspiracy to commit carjacking cannot stand. He did not commit a predicate "crime of violence" under the elements clause, and so his convictions are now unconstitutional because the Supreme Court has declared the residual clause of § 924(c) unconstitutional.

        Respectfully submitted,

        */s/ Daniel J. Auerbach*
        Robert M. Gamburg, Esq.
        Daniel J. Auerbach, Esq.
        Gamburg & Benedetto, LLC
        1500 John F. Kennedy Blvd., Suite 1203
        Philadelphia, PA 19102
        (215) 567-1486

        *Counsel for Defendant*

Dated: August 28, 2020